J. M. McBRIDE v. W. N. G. WELBORN.

*Practice—Motion to Quash and Dismiss Proceedings for Defect in Summons—Amendment.*

1. A motion to quash and dismiss proceedings for defective summons comes too late if made after defendant has appeared and engaged in the trial of the case on the merits.

2. Upon motion of the plaintiff in an action, after trial has been entered into, the judge is empowered, under *Code*, Sec. 908, to allow amendment of defective summons.

CIVIL ACTION, tried before *Brown, J.*, at July Special Term, 1896, of ASHE Superior Court, on appeal from a judgment of a justice of the peace. Under claim and delivery proceedings, property had been delivered to the plaintiff, and the justice of the peace issued a summons as follows :

" *To any lawful officer of Ashe County*—GREETING :

    " You are hereby ordered to summons defendant to

McBRIDE *v.* WELBORN.

appear before S. M. Transou on the 16th of this inst., at his office at 3 o'clock P. M., to show why judgment shall not be entered against him for cost of this action.

" Herein fail not, and of this summons make due return. June 12, 1894.

"S. M. TRANSOU, *J. P.*

The return was as follows :

" Summons for W. N. G. Welborn, Rec. June 12, 1894. Executed June 12, 1894.

" B. STURGILL, Sheriff,

" Per. E. F. TUCKER, *D. S.*"

The defendant moved to dismiss for want of a proper summons, and also for the want of proper return having been entered upon said summons, and for the further want of an undertaking justified to.

The motion was overruled, and after hearing the evidence of the above action, the justice decided in favor of the plaintiff, and charged the defendant with the cost of said action.

The defendant appealed to the superior court.

In the superior court, after the jury were empaneled, defendant moved to quash and dismiss the proceedings for defective summons. As the cause had been tried in this Court and a mistrial had heretofore, the motion was denied, and it was ordered, upon motion of plaintiff, that the summons be amended so as to set out that the action was to recover one mule of value not exceeding $50 demanded of defendant. Defendant appealed.

*Mr. George W. Bower*, for defendant (appellant).
No counsel *contra*.

FAIRCLOTH, C. J. : This action commenced before a justice of the peace upon notice or summons to show cause why judgment should not be entered against defendant

for cost of this action. In the superior court, after the jury were empaneled, the defendant moved to quash and dismiss the proceeding for defective summons, the cause having been previously tried in the superior court, which trial resulted in a mistrial. The motion was refused, and on motion the judge allowed plaintiff to amend his summons. Defendant excepted and appealed.

The motion came too late after the defendant had appeared and engaged in the trial on the merits of the controversy. *Redmond* v. *Mullenax*, 113 N. C., 505. The court had the power to allow the amendment. *Code*, Sec. 908.                                         Affirmed.